

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00507-CR

Marlene **LEVEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR4845A
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios, Justice
              Beth Watkins, Justice

Delivered and Filed: August 31, 2022

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea-bargain agreement, appellant Marlene Leven pleaded nolo contendere to the offense of possession of a controlled substance. In accordance with the agreement, the trial court sentenced her to four years confinement, suspending the sentence of confinement and placing Leven on community supervision for four years. Leven now seeks to appeal the trial court's judgment of conviction by filing a pro se notice of appeal from a negotiated plea.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The clerk's record shows the trial court imposed a

sentence in accordance with the plea bargain agreement on June 3, 2022. The clerk's record also shows Leven did not file a motion for new trial, making her notice of appeal due by July 5, 2022 or a motion for extension of time due fifteen days later on July 18, 2022. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Leven's notice of appeal, however, was not postmarked until August 4, 2022, and there is nothing in the record indicating Appellant filed a motion for an extension of time or received an extension in order to timely file her notice of appeal. *See id.* R. 26.3.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal," and we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Leven. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that Leven does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Because it appeared the notice of appeal was untimely filed and Leven did not have the right to appeal, we ordered Leven to file a response establishing that the notice of appeal was timely filed and to file an amended certification showing she had the right to appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *Olivo*, 918 S.W.2d at 522 (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). Counsel for Leven filed a response conceding the notice of appeal is untimely and this court does not have jurisdiction over this appeal.[1]

---

[1] Counsel further conceded this appeal must be dismissed because this is a plea bargain case with no right to appeal. *See* TEX. R. APP. P. 25.2(d).

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH